IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNIE JAMES WILSON, JR.,

      Plaintiff,

vs.

                                    No. 1:22-cv-00355-PJK

MAGISTRATE KIRTAN KHALSA,

      Defendant.

ORDER DENYING IFP AND DISMISSING THE CASE

THIS MATTER comes on for consideration of Plaintiff Wilson's Application to

Proceed in District Court Without Prepaying Fees or Costs (IFP Application) filed May

16, 2022.   ECF No. 3.   Upon consideration thereof, the application should be denied and

the case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Background

Mr. Wilson of Albuquerque initially sued defendant InterContinental Hotels

Group for negligence and negligent infliction of emotional distress based on a fall in a

hotel bathtub in Banning, California.   Complaint at 1, Wilson v. InterContinental Hotels

Grp., No. 21-cv-00502 (D.N.M. June 1, 2021), ECF No. 1.   Chief Magistrate Judge

Garza conducted a 28 U.S.C. § 1915 review, and sua sponte transferred the case to the

Southern District of California.   Memo. Op. & Order at 2, Wilson, No. 21-cv-00502

(June 3, 2021), ECF No. 4.   She concluded that venue in New Mexico was improper

because no allegations suggested that the defendant resided in the District of New

Mexico or that any of the events or alleged omissions occurred therein.   Id.   Mr. Wilson

objected to no avail.   See Memo. in Obj. to Transferring Venue, Wilson, No. 21-cv-

00502 (June 10, 2021), ECF No. 5; Memo. Against Inequities & Injustices, Wilson, No.

21-cv-00502 (July 19, 2021), ECF No. 6.   Chief Magistrate Judge Garza ordered the

Clerk to transfer these pleadings to the transferee court.   Order & Notice at 2, Wilson,

No. 21-cv-00502 (July 26, 2021), ECF No. 7.

Mr. Wilson filed his complaint again.   Complaint, Wilson v. InterContinental

Hotels Grp., No. 21-cv-00941 (D.N.M. Sept. 24, 2021), ECF No. 1.   Magistrate Judge

Khalsa sua sponte transferred the case to the Central District of California (after noting

that the prior case had been transferred there by the Southern District of California), for

the same reasons as discussed above.   Order Transferring Case at 2–3, Wilson, No. 21-

cv-00941 (Sept. 27, 2021), ECF No. 5.   Magistrate Judge Khalsa then imposed filing

restrictions, and overruled Mr. Wilson's objections to those restrictions.   Order Imposing

Filing Restrictions, Wilson, No. 21-cv-00941 (Oct. 27, 2021), ECF No. 11; Order

Overruling Objection, Wilson, No. 21-cv-00941 (Nov. 2, 2021), ECF No. 13.   She also

overruled Mr. Wilson's objections on the merits.   Objections, Wilson, No. 21-cv-00941

(Mar. 24, 2022), ECF No. 15; Order Regarding Filing, Wilson, No. 21-cv-00941 (Apr.

19, 2022), ECF. No. 18.   Mr. Wilson filed a notice of appeal and sought IFP status.

Notice of Appeal, Wilson, No. 21-cv-00941 (Apr. 21, 2022), ECF No. 19; Motion for

Leave to Proceed IFP, Wilson, No. 21-cv-00941 (Apr. 22, 2022), ECF No. 20.   He was

also ordered to cure deficiencies in his IFP application.   Order to Cure Deficiency,

Wilson, No. 21-cv-00941 (Apr. 27, 2022), ECF No. 21.

Mr. Wilson then filed the instant complaint against Magistrate Judge Khalsa along

with an application to proceed IFP.   ECF Nos. 1 & 3.

### Discussion

The IFP statute provides that notwithstanding any filing fee, the court shall

dismiss a case if it fails to state a claim upon which relief can be granted.   28 U.S.C.

§ 1915(e)(2)(B)(ii).   Mr. Wilson has indicated that he is suing Magistrate Judge Khalsa

in her official capacity.   ECF No. 1 at 2.   He further claims that his action is a Bivens

claim for the violation of his civil rights.   ECF No. 1 at 4, 8.   But see Hernandez v.

Mesa, 140 S. Ct. 735, 742–43 (2020) (limiting Bivens remedy).   The complaint does not

contain a short and plain statement of how his rights were violated, see Fed. R. Civ. P.

8(a)(1), but it is apparent that he is challenging Magistrate Judge Khalsa's order

transferring venue, see ECF No. 1 at 7.   Magistrate Judge Khalsa has absolute judicial

immunity for actions taken in her judicial capacity.[1]   See Mireles v. Waco, 502 U.S. 9,

11–12 (1991).   Only where a judge was not acting in her judicial capacity or was acting

in the complete absence of jurisdiction would immunity not apply.   Id.   Accordingly,

---

[1] A magistrate judge may hear and determine certain pretrial matters, 28 U.S.C.
§ 636(b)(1)(A), subject to potential reconsideration by the district court, Fed. R. Civ. P.
72(a), including a matter concerning a transfer order, see In re U.S. Dep't of Educ., 25
F.4th 692, 698–99 (9th Cir. 2022).   The court expresses no opinion on the procedure
followed or the merits in the underlying cases.

the complaint and action must be dismissed.

NOW, THEREFORE, IT IS ORDERED that:

(1) Plaintiff Wilson's Application to Proceed in District Court Without Prepaying

Fees or Costs (IFP Application) filed May 16, 2022 (ECF No. 3) is denied;

(2) The complaint and action are dismissed with prejudice.

DATED this 25th day of May 2022, at Santa Fe, New Mexico.


/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation